**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Robert E. Blackburn, Judge**

Civil Action No. 99-cv-02196-REB- PAC

UNITED STATES OF AMERICA,

      Plaintiff,

v.

EDWARD G. NOVOTNY, in his individual capacity, as Trustee of MIDWEST LIMITED, and as Trustee of SUNRISE INVESTMENTS, ETTA B. NOVOTNY, and STATE OF COLORADO, DEPARTMENT OF REVENUE,

      Defendants.

---

**ORDER DENYING MOTION FOR WRIT OF *QUO WARRANTO***

---

**Blackburn, J.**

      The matter before me is defendants' **Motion for Writ of *Quo Warranto*** [#401], filed July 19, 2005.  More than three years ago, I entered judgment against defendants for unpaid federal income taxes and ordered the foreclosure of related federal tax liens on seven parcels of real property.  Defendants, having failed to convince the United States Court of Appeals for the Tenth Circuit that the judgment was erroroneous, and having also been denied review by the United States Supreme Court, nevertheless refuse to accept the finality of the judgment.  Their latest tactic, evidenced by the present motion, is to question my right to hold judicial office and thus seek to require me to show cause why a writ of *quo warranto* should not be issued.  I deny the motion.

      *Quo warranto* literally means "by what authority" or "by what warrant."  **BLACK'S LAW DICTIONARY** (8th ed. 2004).  The ancient writ of *quo warranto* was used by the King

of England to determine whether an individual was in lawful possession of his office,
and, if not, to oust him from that position.  *See Jesinger v. Nevada Federal Credit
Union*, 24 F.3d 1127, 1131 n.5 (9th Cir. 1994).  As near as I can discern from their
rambling and convoluted pleading, defendants believe that I have forfeited my right to
office by committing the high misdemeanor of engaging in the practice of law from the
bench.  *See* 28 U.S.C. § 454.

There are several problems with this argument.  First, it is completely lacking in
factual support.  Defendants' argument, which rests on my invitation to the United
States Attorney to provide me with some authority supporting his request that I issue an
order expunging certain documents recorded by defendants with the Clerk and
Recorder of Montezuma County, Colorado, is farcical.  Courts routinely request parties
to brief legal issues pending before them, and providing parties such opportunities
does not constitute, or even resemble, the practice of law.

Second, even if defendants' request were factually supported, there is no
original federal jurisdiction over *quo warranto* actions, except in extremely limited
circumstances not applicable here.[1]  *See United States ex rel. State of Wisconsin v.
First Federal Savings and Loan Association*, 248 F.2d 804, 808 (7th Cir. 1957), *cert.
denied*, 78 S.Ct. 543 (1958); *Heller v. CACL Federal Credit Union*, 775 F.Supp. 839,

---

[1]  The U.S. District Court for the District of Columbia is authorized to issue *quo warranto* writs in
the name of the United States in matters relating to franchises and public offices held within the District
of Columbia.  *See* D.C. CODE, Div. II, Title 16, Ch. 35, §§ 16-3501 - 16-3503; *see also United States ex
rel. State of Wisconsin v. First Federal Savings and Loan Assoc.*, 248 F.2d 804, 808 (7th Cir. 1957),
*cert. denied*, 78 S.Ct. 543 (1958).  Even under that statute, a party generally does not have standing to
bring a *quo warranto* action unless he himself claims a right to the office in question.  *See Andrade v.
Lauer*, 729 F.2d 1475, 1498 (D.C. Cir. 1984) (citing cases).

2

843 (E.D. Pa. 1991).[2]  The state of Colorado provides for *quo warranto* actions, but,

without implying that the statute would be applicable to a federal judicial officer, that

provision may not be invoked by a private citizen unless it is alleged that the

appropriate district attorney first declined to institute a *quo warranto* action.

*See* **C.R.C.P.** 106(a)(3); ***McCamant v. City and County of Denver***, 501 P.2d 142, 144

(Colo. App. 1972).  No such allegation is made here.

Finally, even if plaintiff's could surmount these hurdles, a writ of *quo warranto*

would not be proper in these circumstances in any event.  Federal judges hold their

offices for life "during good Behaviour," **U.S. CONST.**, Art. III, § 1, and the only remedy

for removal of a federal jurist is by way of impeachment, ***id.***, Art. II, § 4.  Impeachment,

of course, is not available as a remedy to private litigants, but may only be initiated and

adjudged by Congress.  ***Id.***, Art. I, §§ 2 & 3; ***see also Florence v. Frontier Airlines,***

***Inc.***, 2003 WL 21501974 at *1 (N.D. Tex. June 26, 2003).  Although 28 U.S.C. § 454

describes an impeachable offense, it is not, contrary to defendants' argument, self-

executing.[3]  Thus, the mere accusation that I have violated the statute does not vitiate

my power to act in this matter or otherwise undermine the effect of my prior

determinations herein *ab initio*.  Absent appropriate action by Congress, my alleged

violation of the statute therefore provides defendants no basis on which to seek my

---

[2] Although some courts have found parties suing under other federal statutes to be entitled to a remedy in the nature of *quo warranto* under federal common law, ***see Barany v. Buller***, 670 F.2d 726, 731-35 (7th Cir. 1982), those principles are inapplicable where, as discussed herein, a remedy for the complained of conduct is already provided by the Constitution.

[3] Moreover, 28 U.S.C. § 454 creates no private right of action either.  ***See Gipson v. Callahan***, 18 F.Supp.2d 662, 668 (W.D. Tex. 1997), ***appeal dism'd***, 157 F.3d 908 (5th Cir. 1998).

3

removal from office.[4]

      **THEREFORE, IT IS ORDERED** that defendants' **Motion for Writ of *Quo***

***Warranto*** [#401], filed July 19, 2005, is **DENIED**.

      Dated January 13, 2006, at Denver, Colorado.

                          **BY THE COURT:**

                          **s/ Robert E. Blackburn**
                          **Robert E. Blackburn**
                          **United States District Judge**

---

     [4] In addition, the writ of *quo warranto* would not provide defendants the relief it appears they ultimately desire – to undo the judgment against them.  The writ of *quo warranto* is similar to an injunction, ***see Montford v. Robins Federal Credit Union***, 691 F.Supp. 347, 353 (M.D. Ga. 1988), and thus "is addressed to preventing the continued exercise of authority unlawfully asserted, not to a correction of what already has been done under it or a vindication of private rights," ***Johnson v. Manhattan Railway Co.***, 289 U.S. 479, 502, 53 S.Ct. 721, 729, 77 L.Ed. 1331 (1933).